THE CITY OF CHICAGO

*v.*

CHRISTOPHER ELZEMAN.

1. DAMAGES EXCESSIVE—*personal injury from negligence.* Where a party, 58 years of age, received a fall in consequence of a defective sidewalk, inflicting a severe injury in the shoulder, and also a rupture from which he suffered great pain, and at the trial, about 13 months after the accident, he was still suffering pain, and was unable to lift his arm, and it appeared that he was a painter by trade, earning at the time of the injury $3 per day, but since had not been able to work, it was *held,* that a verdict of $3000, in a suit against the city, was not excessive damages.

2. EVIDENCE—*relevancy.* In an action on the case, against a city, to recover damages for an injury from a fall occasioned by a defective side-

132      CITY OF CHICAGO *v.* ELZEMAN.     [Sept. T.

Opinion of the Court.

walk, the city offered to prove the number of miles of sidewalk within the city, which the court refused to allow. The city, however, proved the number of miles of streets in the city: *Held*, that there was no error in rejecting the proposed evidence, as it could have no important bearing on the issue.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. I. N. STILES, and Mr. JOHN LEWIS, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by the appellee, against the city of Chicago, to recover damages for personal injuries alleged to have been occasioned by a fall on a defective sidewalk of the city. The plaintiff recovered a verdict for $3000, upon which judgment was entered. The city appealed, and asks a reversal of the judgment on two grounds: *First*, because the damages are excessive; and *second*, because the court below erred in rejecting material evidence offered by the defendant.

The injury was received in February, 1872, and the trial had in March, 1873.

It appears from the testimony that the plaintiff, at the time of the trial, was 58 years of age; that he was so much injured by the fall, that he was confined to his bed for six weeks. His shoulder was injured so as to deprive him of the use of his arm up to the time of the trial. He was a painter by trade, and could not then, at the time of the trial, lift his arm or use a brush. He was earning at his trade, at the time of the accident, $3 a day. Since then, he had not done, or been able to do, a day's work. He also suffered an incurable rupture or hernia by the fall. He has suffered much pain, and his injuries are still painful.

Under the proof in the case, we are unable to say that the damages are excessive. Had it not been for his injury,

appellee would have earned, in his trade of painter, between the day of the accident and the time of trial, a sum equal to at least one-third of the judgment, and would have been free from pain, and still capable of earning a living.

The offered testimony which is complained of, as excluded, was this:

The counsel for the city offered to prove by the witness Hanchett, the number of miles of sidewalk within the corporate limits of the city and under its charge, and the court rejected the testimony. The offer of the testimony did not disclose any object which rendered the evidence competent.

From all that appears in the record, we do not perceive what important bearing the testimony offered had upon the issue involved.

Moreover, the witness did subsequently testify that the names of the streets of the city covered several pages of foolscap, and that there were between 600 and 700 miles of streets. This testimony was merely objected to, but no ruling of the court had upon it, so that it remained before the jury to be considered by them.

And, as to any material bearing upon the issue, this testimony, for all practical effect, would seem to have essentially supplied the place of the rejected evidence.

We fail to perceive that the appellant sustained any material injury by the rejection of the offered evidence.

The judgment must be affirmed.

*Judgment affirmed.*